FILED'10 MAY 5 10:39 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAIME A. MORALES,

        Civil No. 09-96-PA

     Petitioner,

   v.

MR. MILLS,

                  OPINION AND ORDER

     Respondent.

    Anthony D. Bornstein
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

       Attorney for Petitioner

    John R. Kroger
    Attorney General
    Kristen E. Boyd
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

       Attorneys for Respondent

  1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his state court convictions for Robbery and Burglary. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

In 2003, petitioner was charged with Robbery in the First Degree, Robbery in the Second Degree, and Burglary in the First Degree. Respondent's Exhibit 102. Petitioner waived his right to a jury trial, and the court found him guilty of Robbery in the Second Degree and Burglary in the First Degree. Trial Transcript, p. 109. The court imposed a seventy-month sentence for Robbery and a concurrent 34-month sentence for the Burglary conviction. *Id* at 122. The court also imposed restitution for medical expenses.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 104-108.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on all of his claims. Respondent's Exhibits 113, 114. The Oregon Court of Appeals summarily affirmed the PCR trial court, and the Oregon Supreme Court denied review. Respondent's Exhibits 118-122.

Petitioner filed this federal habeas corpus action on January 22, 2009 raising one claim of trial court error and three claims of

2 - OPINION AND ORDER

ineffective assistance of counsel.   In his briefing, petitioner
argues that he is actually innocent and asks the court to conduct
an evidentiary hearing.   Respondent asks the court to deny relief
on the claims because: (1) petitioner's actual innocence claim was
not properly presented in his habeas petition; (2) the claims
presented in the habeas petition were not briefed; (3) petitioner's
Grounds One through Three do not present federal claims;
(4) petitioner's Grounds One through Three are procedurally
defaulted; (5) the state courts' decisions are entitled to
deference; (6) petitioner's claims lack merit; (7) petitioner does
not establish that he is actually innocent; and (8) an evidentiary
hearing is not warranted.

## DISCUSSION

Petitioner has not briefed the merits of his claims, and he
does not dispute respondent's contention that Grounds One, Two, and
Three were not fairly presented to Oregon's state courts and are
now procedurally defaulted.   Instead, he asks the court to hold an
evidentiary hearing to determine if he is actually innocent
sufficient so that he may argue the merits of his procedurally
defaulted claims.

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court
addressed the process by which state prisoners may prove "actual
innocence" so as to excuse a procedural default.   The Court
explained that in order to be credible, a claim of actual innocence

3 - OPINION AND ORDER

"requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* at 324; *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*, 121 S.Ct. 1665 (2001). The Ninth Circuit has held that "habeas petitioners may pass *Schlup's* test by offering 'newly presented' evidence of innocence." *Griffin v. Johnson*, 350 F.3d 950, 963 (9th Cir. 2003). The meaning of "newly presented" evidence is evidence that was not before the trial court. *Id.*

Ultimately, petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Downs*, 232 F.3d at 1040. In making this determination, this court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." *Schlup*, 513 U.S. at 332.

Petitioner asserts that he can demonstrate his actual innocence in two respects. First, he asserts that he was the victim of inadequate interpretation and/or translation during his criminal trial, leading to a flawed fact-finding process. Second, petitioner argues that the trial judge's use of the words "I think" when finding him guilty demonstrate that he was convicted upon a

lesser standard of proof than the required reasonable doubt standard.[1]

Petitioner fails to provide any new evidence sufficient to allow the court to engage in a *Schlup* analysis. He simply seeks to provide this court with the testimony he provided to the state court, albeit with a different interpreter. Having had approximately six years to scour the record to determine, specifically, where his testimony was misinterpreted, petitioner is still unable to identify for the court what specific portion of his testimony, if any, was misinterpreted. Moreover, he does not explain why his testimony would prove his actual innocence.

Similarly, while petitioner claims that he would like to locate the victim to testify at trial with a federally certified interpreter, the victim already testified in the state court, and petitioner fails to offer any basis to believe the victim might offer something useful. Thus, petitioner has not offered any new evidence of his innocence, and "[w]ithout any new evidence of innocence, even the existence of a . . . meritorious constitutional violation is not sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316. Moreover, petitioner's actual

---

[1] The trial judge stated, "I think he was clearly involved in this and knew what was going on and was a participant and an active participant in trying to prevent people from leaving." Trial Transcript, p. 109.

5 - OPINION AND ORDER

innocence arguments regarding interpretation and the standard of proof applied to his case amount to legal insufficiency, not factual innocence. *See Bousley v. United States*, 523 U.S. 538, 559 (1998) (requiring a showing of factual innocence, not legal insufficiency, to overcome a default).

With respect to petitioner's request for an evidentiary hearing, his bare and unsupported claim to innocence "has failed to show what . . . an evidentiary hearing might reveal of material import on his assertion of actual innocence." *Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002). Accordingly, the court declines to hold an evidentiary hearing and concludes that petitioner is unable to excuse his default to Grounds One, Two, and Three.

Petitioner does, however, have one fairly presented claim. In Ground Four of his Petition, he alleges that his attorney was ineffective for failing to object to the restitution which was imposed by the judge. Specifically, he alleges that the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 U.S. 294 (2004) requires such a decision to be made by a jury, not a judge.

Petitioner has not argued this claim in his briefing, and has therefore not sustained his burden of proof. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proof in a habeas corpus proceeding). Even if petitioner had argued this claim in his brief, it is meritless because no

objection was warranted. *See United States v. DeGeorge*, 380 F.3d 1203 (9th Cir. 2004) (restitution orders are unaffected by *Blakely's* holding); *see also Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *rev. denied*, 513 U.S. 1001 (1994)(an attorney is not required to file a motion he knows to be meritless). Thus, the state court decision denying relief on this claim is neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d) (identifying standard of review applicable to federal habeas cases).

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __5__ day of May, 2010.

Owen M. Panner
United States District Judge

7 - OPINION AND ORDER